IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GUADALUPE CRUZ-HERNANDEZ,

    Defendant.

Case No. 09-CR-3072-MV

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Guadalupe Fernando Cruz-Hernandez's Opposed Motion for Reconsideration. Doc. 163. The government filed a Response. Doc. 166. Mr. Cruz-Hernandez filed a Reply. Doc. 167. Having carefully considered the briefs and relevant law, and being otherwise fully informed, the Court finds that Mr. Cruz-Hernandez's Motion is not well-taken and will be **DENIED**.

### BACKGROUND

On October 21, 2009, Mr. Cruz-Hernandez was charged by Indictment with one count of Conspiracy to Distribute One Kilogram and More of Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Doc. 2. On October 7, 2010, he pled guilty to the indictment. Doc. 69. On June 23, 2011, he was sentenced to a term of imprisonment of 240 months, followed by a five-year term of supervised release. Doc. 115. Mr. Cruz-Hernandez filed an Opposed Motion for Compassionate Release on February 17, 2021. Doc. 146. On August 19, 2022, the Court denied Mr. Cruz-Hernandez's motion for compassionate release. Doc. 162. In its Memorandum Opinion and Order, the Court found that Mr. Cruz-Hernandez failed to show individualized medical evidence of his vulnerability to COVID-19 despite his vaccination, and that the medical conditions

1

of his wife and mother-in-law did not constitute extraordinary and compelling reasons for compassionate relief. Lastly, while the Court noted that Mr. Cruz-Hernandez had made commendable efforts towards rehabilitation, the Court could not rely on his rehabilitation alone to justify a reduced sentence. Doc. 162 at 17; *United States v. McGee*, 992 F.3d 1035, 1046 (10th Cir. 2021) ("Rehabilitation of the defendant alone . . . shall not be considered an extraordinary and compelling reason."). Mr. Cruz-Hernandez then filed the instant *pro se* motion for reconsideration on September 6, 2022. Doc. 163. On October 6, 2022, his attorney filed an unopposed motion to withdraw, which the Court granted on November 1, 2022. Docs. 164, 165.

## LEGAL STANDARD

Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *United States v. Randall*, 666 F.3d 1238, 1241-42 (10th Cir. 2011)); see *United States v. Healy*, 376 U.S. 75, 78 (1964). A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Christy*, 739 F.3d at 539 (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* The Court "is vested with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996). However, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Christy,* 739 F.3d at 539.

## DISCUSSION

Mr. Cruz-Hernandez argues that the Court's assertion that it was statutorily prohibited from

2

granting a sentence reduction based solely on his rehabilitative efforts constitutes a mistake of law regarding the scope of its authority. Doc. 163 at 6. He submits that the Court has "unfettered discretion" to grant a sentence reduction and asserts that his rehabilitative efforts, which this Court has recognized as "remarkable and commendable," in combination with the fact that his sentence is effectively longer than other similarly situated defendants because he is ineligible for credits for time served under the First Step Act, are sufficiently extraordinary and compelling reasons to grant a sentence reduction. Doc. 163 (citing Doc. 162 at 16.). Mr. Cruz-Hernandez argues that if he had not been subject to a sentencing enhancement for being an organizer or leader of an extensive criminal activity, then he would have qualified for "10 plus an additional 5 days" of prerelease custody credits for every month he spent in custody since the enactment of the First Step Act in December 2018. *Id.* at 3 (citing 18 U.S.C. §§ 3632(d)(4)(A)(i-ii)). Without this prerelease custody credit, Mr. Cruz-Hernandez argues that his "exemplary rehabilitation will go for naught." *Id.* Mr. Cruz-Hernandez asks the Court to use its discretion to grant a sentence reduction in consideration of the fact that the offense role adjustment applied at his sentencing bars him from receiving credit for his efforts at rehabilitation. *Id.* at 6 (citing *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021)); *McGee*, 992 F.3d at 1046.

    The government, in turn, argues that Mr. Cruz-Hernandez has not alleged any intervening change in the controlling law or set forth any newly discovered evidence. Doc. 166 at 4. It notes that Mr. Cruz-Hernandez previously raised his rehabilitative efforts as a basis for a sentence reduction and was denied because rehabilitation alone does not rise to the level of the extraordinary and compelling circumstances required by statute. *Id.* at 5 (citing Doc. 162 at 17). In addition, the government emphasizes Mr. Cruz-Hernandez's status as a career offender, the fact that his conviction could have carried a sentence of life imprisonment, and that he also has a conviction

for escape and several violations of supervised release. *Id.* at 4. It argues that Mr. Cruz-Hernandez's motion for reconsideration must be denied "as he has not demonstrated a change in the controlling law, he does not set forth any new evidence, and he simply revisits information the Court has previously considered." *Id.* at 6.

In its Memorandum Opinion and Order, the Court noted that "a district court may grant a motion for the reduction of a sentence 'if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in §3553(a), to the extent they are applicable.'" Doc. 162 at 4. In applying this standard, the Court looked to the then-current policy statement in United States Sentencing Guidelines § 1B1.13 for non-binding guidance, as well as to case law from both the Tenth Circuit and its sister circuits. Based on that authority, the Court concluded that Mr. Cruz-Hernandez had not demonstrated sufficient vulnerability to COVID-19, that his wife and mother-in-law's medical conditions did not constitute extraordinary and compelling reasons for relief, and that the Court could not rely solely on Mr. Cruz-Hernandez's rehabilitative efforts to grant relief. In doing so, the Court did not commit any mistake of law, as Mr. Cruz-Hernandez alleges.

Mr. Cruz-Hernandez submits that the Tenth Circuit's decision in *Maumau* gives district courts "unfettered discretion" to award relief under the First Step Act. Not so. Indeed, the *Maumau* Court was clear that while district courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' [] this authority is effectively circumscribed by the second part of the statutory test, i.e., the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission pursuant to

4

§ 994(a)(2)." 993 F.3d at 834.

In denying Mr. Cruz-Hernandez's initial motion, the Court properly considered and rejected his first three claims regarding his vulnerability to COVID-19 and the health of his wife and mother-in-law. This left only Mr. Cruz-Hernandez's argument regarding his rehabilitative efforts. The Court accurately applied *Maumau's* directive that district courts consider whether a reduction is consistent with applicable policy statements, and under that directive, found that the Sentencing Commission bars district courts from relying solely on the rehabilitation of the defendant to grant relief. Doc. 162 at 17; *see also* U.S.S.G. § 1B1.13 (2021 Amendment) ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."). Thus, the Court made no mistake of law and correctly understood the scope of its discretion. It follows that reconsideration would be inappropriate.

The Court further finds that intervening changes in the policy statements of the Sentencing Commission do not require the Court to reconsider its initial denial of Mr. Cruz-Hernandez's motion. In its original ruling, the Court looked to the previous policy statement "for non-binding guidance" on the best explanation for what constitutes extraordinary and compelling circumstances. Doc. 162 at 4 (citing *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021)). After the Court ruled on Mr. Cruz-Hernandez's motion for compassionate release, the Sentencing Commission issued a new policy statement that is "plainly applicable to motions for sentence reduction filed by either the Director of the Bureau of Prisons or a defendant." *United States v. Bradley*, 97 F.4th 1214, 1217 n.1 (10th Cir. 2024).

The new standard under §1B1.13(b), which took effect on November 1, 2023, does not meaningfully shift the Court's analysis of whether Mr. Cruz-Hernandez's circumstances reach the

5

level of extraordinary and compelling reasons for a sentence reduction. The new version of §1B1.13(1) adds the following medical circumstances to its account of factors that should be considered extraordinary and compelling:

> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances--
>   (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>   (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>   (iii) such risk cannot be adequately mitigated in a timely manner.

§1B1.13(1). There is no evidence before the Court that Mr. Cruz-Hernandez requires long-term or specialized medical care. He is classified as Care Level 1 by the Bureau of Prisons, indicating that he is generally healthy. Doc. 162 at 11. He received a COVID-19 vaccine and a booster shot. *Id.* Further, no evidence has been presented regarding imminent risks of an outbreak of infectious disease or an ongoing public health emergency at the facility where he is housed. In addition, the preventative and ameliorative treatments available for COVID-19 have, if anything, improved in the time that has passed since the Court filed its initial order. *Id.* at 12.

The amendment to §1B1.13(3) also added the following family circumstances as supporting a finding of extraordinary and compelling circumstances:

> A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

>(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

§1B1.13(3). In denying Mr. Cruz-Hernandez's initial motion, the Court considered his health circumstances as well as those of his wife and mother-in-law. His wife's medical issues do not rise to the level contemplated by the amended §1B1.13(b)(3), as she has been able to maintain steady employment and her health is improving. Doc. 162 at 13. In addition, Mr. Cruz-Hernandez's wife lives with her son and brother who offer "assistance in the home." Doc. 162 at 13. As such, Mr. Cruz-Hernandez cannot be regarded as "the only available caregiver" under §1B1.13(3)(B). Regarding the health of his mother-in-law, although she now falls within the category of "an individual whose relationship with the defendant is similar in kind to that of an immediate family member," a sentence reduction is not appropriate as Mr. Cruz-Hernandez is, again, not "the only available caregiver" for her. *See* Doc. 162 at 15 (noting that Mr. Cruz-Hernandez's wife is the primary caregiver for her mother).

Lastly, Mr. Cruz-Hernandez asserts that the Court failed to consider his ineligibility for credit under the First Step Act and argued that relief is warranted due his ineligibility to receive credit for participation in certain rehabilitative programs. This argument is also unavailing. The Court acknowledged Mr. Cruz-Hernandez's rehabilitative efforts in its initial order, and in doing so was fully aware that he did not receive credit for these efforts under the First Step Act. While

7

the initial Memorandum Order and Opinion primarily addressed the fact that Mr. Cruz-Hernandez's rehabilitative efforts, on their own, could not constitute an extraordinary and compelling circumstance, it was not a mistake of fact or law that the Court did not specifically note its finding that Mr. Cruz-Hernandez's ineligibility for this credit is also not an extraordinary and compelling circumstance. *United States v. Hald*, 8 F.4th 932, 948 (10th 2021) (finding that the district court did not commit legal error by failing to address each of the defendant's mitigation arguments in his motion for compassionate release). And in any case, the consequences, or lack thereof, of Mr. Cruz-Hernandez's rehabilitative efforts fall under the general category of the defendant's rehabilitation, which the Sentencing Commission has stated cannot justify granting a compassionate release on its own. Therefore, as "[a] motion to reconsider should not be used to revisit issues already addressed," this Court reiterates its holding that "while Mr. Cruz-Hernandez's rehabilitation *is* extraordinary and compelling. . . this Court has not found other extraordinary and compelling circumstances" to modify or reduce Mr. Cruz-Hernandez's sentence. *Christy*, 739 F.3d at 539; Doc. 162 at 17. Accordingly, the Court must deny his motion for reconsideration.

## CONCLUSION

The Court made no mistake of law regarding its discretion in the context of Mr. Cruz-Hernandez's initial motion for compassionate release. Further, even under the intervening change in the Sentencing Commission's policy statements, the Court cannot find that Mr. Cruz-Hernandez has presented extraordinary and compelling reasons to grant compassionate release. Lastly, the Court cannot consider arguments that could have been raised on his initial motion. For these reasons, Mr. Cruz-Hernandez's motion for reconsideration must be denied.

**IT IS THEREFORE ORDERED THAT** Mr. Cruz-Hernandez's Motion for Reconsideration [Doc. 163] is **DENIED.**

ENTERED this 11th day of September, 2024.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE